NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONY J. JACKSON,

        Plaintiff-Appellant,

  v.

KYLE MCNEIL, Agent,

        Defendant-Appellee.

No. 20-35991

D.C. No. 3:19-cv-06245-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted March 30, 2023
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and PREGERSON,[**] District
Judge.

      Tony J. Jackson appeals the dismissal of his complaint seeking monetary

damages for an alleged Fifth Amendment procedural due process violation,

brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau*

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

*of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and affirm.

Jackson claims that he was deprived of property without adequate pre-deprivation notice, an argument he concedes presents a new *Bivens* context. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022). Accordingly, we must determine whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017)); *see also Hernández v. Mesa*, 140 S. Ct. 735, 744 (2020).

Among such potential "special factors" is the existence of some "alternative remedial structure." *Egbert v. Boule*, 142 S. Ct. at 1804 (quoting *Ziglar*, 582 U.S. at 137). In *Egbert*, for example, Department of Homeland Security regulations allowed any person to file a grievance and required the Border Patrol to investigate alleged violations of enforcement standards. 142 S.Ct. at 1806. This procedure, the Court explained, offered an alternative remedy to a *Bivens* claim, thus precluding the extension of *Bivens* into a new context. *Id.* Here, similarly, all colorable claims of administrative misconduct must be reported to the Department of Justice Inspector General, who may then investigate the allegations or refer them for investigation. 5 U.S.C. § 413(b)(2), (d). Although this scheme appears to

2

provide more room for discretion than that at issue in *Egbert*, provides no possibility of monetary relief, and may or may not be sufficient to deter unconstitutional conduct, "the question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." *Egbert*, 142 S. Ct. at 1807. "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert*, 142 S. Ct. at 1807.

The government contends that additional special factors also argue against a *Bivens* remedy. We need not reach these additional arguments, however, because "if there is any reason to think that judicial intrusion into a given field might be harmful or inappropriate," then "a court cannot afford a plaintiff a *Bivens* remedy." *Egbert*, 142 S. Ct. at 1805 (internal quotation marks omitted); *see also id.* (*Bivens* remedy unavailable if "there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed'" (quoting *Ziglar*, 582 U.S. at 136)).

**AFFIRMED**.